O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIAM LOUIS TAYLOR, | ) | Case No. CV 14-02038 DDP (VBKx) |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| | ) | |
| v. | ) | |
| | ) | [DKT. NO. 9] |
| ERIC H. HOLDER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

    Presently before the Court is Defendant's motion to dismiss Plaintiff's complaint (the "Motion"). (Docket No. 9.) For the reasons stated in this order, the Motion is GRANTED.

**I. Background**

    Plaintiff Williams Louis Taylor ("Plaintiff") filed a prior action against several federal individuals and entities, including the United States of America, Attorney General Eric Holder, the U.S. Department of Justice, and the Federal Bureau of Prisons (collectively, "Defendants"), Case No. CV 04-4376 DDP (DTBx), in June 2004 (the "2004 Action"). (See 2004 Action Docket No. 47.) In the 2004 Action, Plaintiff alleged, among other things, that the Department of Justice and Bureau of Prisons, his former employer,

subjected him to racially discriminatory and retaliatory treatment during his employment and breached settlement agreements pertaining to his claims based on that treatment.[1] (Id.) In November 2004, Defendants filed a motion to dismiss Plaintiff's First Amended Complaint. (Id.) In January 2005, the Court granted Defendants' motion to dismiss the 2004 Action on the ground that the Court lacked subject matter jurisdiction over Plaintiff's breach of contract claim. (Id.) The Court held that "all of Mr. Taylor's claims against the DOJ and the BOP were incorporated into the 2002 Settlement Agreement," and therefore the action was one based in contract for which the Court of Federal Claims has exclusive jurisdiction. (Id.; see also 2004 Action Docket No. 20.) Accordingly, the Court ordered the action transferred to the Court of Federal Claims for all further proceedings. (2004 Action Docket No. 47.)

In March 2008, the Court of Federal Claims held that Plaintiff failed to state a claim for breach of contract and remanded the action to this Court. (Id.) In March 2010, Plaintiff filed a motion for leave to file supplemental pleadings and to file a motion for monetary damages. (Id.) In September 2010, the Court construed Plaintiff's supplemental pleading as a Second Amended Complaint and granted Plaintiff leave to file a Second Amended Complaint by October 2010. (Id.) Plaintiff brought four causes of action: "(1) Discrimination in violation of Title VII and the Civil Rights Act of 1964; (2) Prohibited Personnel Practices in violation

---

[1] The detailed factual allegations can be founds in Plaintiff's First Amended Complaint and Second Amended Complaint in the 2004 Action. The same underlying factual allegations appear in Plaintiff's Complaint in this action.

2

of U.S. Code Title 5,2302; (3) Violation of the Civil Rights Act of 1991; and (4) Violation of the Fourteenth Amendment and the Equal Protection Clause of the U.S. Constitution." (Id.) Defendants moved to dismiss Plaintiff's Second Amended Complaint on the grounds that Plaintiff's claims were preempted and/or that the Court had already determined that it lacked subject matter jurisdiction to consider the claims that were incorporated into the 2002 settlement agreement, and the Court granted that motion and dismissed the action in December 2010. (Id.)

Plaintiff has now filed this action against Defendant Eric Holder.[2] Plaintiff alleges the same underlying facts and brings claims for (1) Discrimination; (2) Prohibited Personnel Practices; (3) Violation of Civil Rights Act of 1964; (4) Violation of the Fourteenth Amendment; (5) Breach of Contract; and (6) Conspiracy. (Complaint, Docket No. 1.) Defendant has moved to dismiss this action on the grounds of (1) res judicata and/or collateral estoppel; (2) lack of subject matter jurisdiction; and (3) the running of the statute of limitations. Because the Court finds that res judicata bars this action, the Court does not reach Defendant's other arguments.

**II. Legal Standard**

"Res judicata, or claim preclusion, prohibits lawsuits on any claims that were raised or could have been raised in a prior action." Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir.

---

[2] Apparently, in the interim, Plaintiff filed multiple requests with the EEOC to reopen several of his EEOC complaints. All of those complaints had been part of the 2004 Action. Plaintiff appears to have filed this action in response to the EEOC's denial of his request to reopen his prior complaints.

2002); see also Western Radio Services Co. v. Glickman, 123 F.3d 1189, 1192 (9th Cir. 1997). "Res judicata bars relitigation of all grounds of recovery that were asserted, or could have been asserted in a previous action between the parties, where the previous action was resolved on the merits." Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency, 322 F.3d 1064, 1079 (9th Cir. 2003). The doctrine of res judicata applies when there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." Id.; see also Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001).

**III. Discussion**

*First*, there is an identity of claims between the 2004 Action and this action. The central issue in determining whether there is an identity of claims is whether the two suits "arise out of the same transactional nucleus of facts." Costantini v. Trans World Airlines, 681 F.2d 1199, 1202 (9th Cir. 1982); see also Frank v. United Airlines, Inc., 216 F.3d 845, 851 (9th Cir. 2000). In making this determination, courts ask "whether they are related to the same set of facts and whether they could conveniently be tried together." Western Systems, Inc. v. Ulloa, 958 F.2d 864, 871 (9th Cir. 1992). Here, the two actions involve the same nucleus of facts: both cases allege the same wrongdoing by the same individuals and entities and, indeed, bring mostly the same causes of action. Therefore, there is an identity of claims.

*Second*, it is clear that there is an identity of parties. Plaintiff and Defendant here were both parties in the 2004 Action.

*Third*, there was a final judgment on the merits of Plaintiff's claims in the prior action. Jurisdictional determinations are

4

generally subject to res judicata, as are dismissals for failure to state a claim under Rule 12(b)(6). See <u>Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee</u>, 456 U.S. 694, 702 n.9 (1982) ("A party that has had an opportunity to litigate the question of subject-matter jurisdiction may not ... reopen that question in a collateral attack upon an adverse judgment. It has long been the rule that principles of res judicata apply to jurisdictional determinations –- both subject matter and personal."); <u>Federated Dept. Stores, Inc. v. Moitie</u>, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'").

In the 2004 Action, Plaintiff's claims were dismissed for failure to state a claim by the Court of Federal Claims after this Court determined that it lacked jurisdiction to consider Plaintiff's claims because they were incorporated into a 2002 settlement agreement. After dismissal by the Court of Federal Claims, Plaintiff filed a Second Amended Complaint in this Court. The Court concluded that all of the claims stated by Plaintiff were preempted by federal law or incorporated into the settlement agreement and therefore the Court lacked jurisdiction to consider them and was bound by its prior decision finding such lack of jurisdiction. On December 3, 2010, the Court dismissed Plaintiff's claims and closed the case. Any disagreement Plaintiff may have had with the Court's conclusions could have been raised on direct appeal; however, it appears that Plaintiff never appealed the Court's ruling. Though Plaintiff filed an opposition to the Motion, Plaintiff makes no argument, nor points to any authority, that

would suggest that res judicata should not be applied to this action.

Therefore, the Court finds that all three elements required to apply the doctrine of res judicata are present here. Plaintiff's action is barred.

**IV. Conclusion**

For the foregoing reasons, the Motion is GRANTED. The case is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

Dated: August 8, 2014

DEAN D. PREGERSON
United States District Judge